```
                                                            FILED
         UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF COLUMBIA                    MAR 1 2 2008
                                                   NANCY MAYER WHITTINGTON, CLERK
                                                        U.S. DISTRICT COURT
```

| | |
|---|---|
| GENE RAY McKINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08 0426 |
| | ) |
| BERKLEY COUNTY SHERIFF DEPT., | ) |
| | ) |
| Defendants. | ) |

## TRANSFER ORDER

This matter comes before the Court on review of plaintiff's *pro se* complaint. The Court will transfer this case to the United States District Court for the District of South Carolina.

Plaintiff's claims arise from events which occurred after plaintiff's arrest on August 31, 2004. *See* Compl. at 1 (page numbers designated by the Court). He alleges that Detective John Damone obtained his truck and sold tools stored in the truck to a pawn shop in Goose Creek, South Carolina. *Id.* at 1-2. Plaintiff deems Det. Damone's use of "his badge to obtain this property" a violation of plaintiff's civil rights. *Id.* at 2. He demands compensatory and punitive damages. *Id.* at 3.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F. Supp. 461, 463 (D.D.C. 1978). Even though a court typically should give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001).

Plaintiff describes events occurring in Goose Creek, South Carolina. Defendants and potential witnesses in this case would likely be in South Carolina. The District of Columbia has no apparent connection to this case aside from being the capital of the United States. *See Boers*, 133 F.Supp.2d at 66. Therefore, in the interests of justice, this action will be transferred. A ruling on plaintiff's motion to proceed *in forma pauperis* is left for the transferee court to decide.

Accordingly, it is hereby

ORDERED that that the case be TRANSFERRED to the United States District Court for the District of South Carolina.

SO ORDERED.

_____
United States District Judge

Date: 3/5/08